## Simco Sales Service of Penna., Inc., v. Board of Health of Lower Merion Township

*Thomas Hallman*, for plaintiff.
*Franklin L. Wright*, for defendants.

KNIGHT, P. J., April 18, 1941.—This is an action of mandamus, brought by a corporation engaged in the retail sale of ice cream, against the Board of Health of Lower Merion Township, Montgomery County, and its members, to compel the issuance of a renewal license to plaintiff, to sell ice cream in the Township of Lower Merion.

A writ of alternative mandamus was issued on the petition of plaintiff, and defendants filed a return thereto, setting forth, inter alia, that the board of health declined to issue a license to plaintiff because it was violating and refusing to comply with a regulation of the board, requiring that the name and address of the ice cream manufacturing plant appear on all wrappers or containers of ice cream or frozen confections sold in Lower Merion Township. . . .

The single inquiry presented is, whether the Board of Health of Lower Merion Township was justified in refusing to grant to plaintiff a license under article II, rule 1, of Ordinance no. 318, approved April 17, 1929,

because of an alleged violation and refusal on the part of plaintiff to comply with a regulation of the board of health requiring the name and address of the ice cream manufacturing plant to appear on all wrappers or containers of ice cream or frozen confections sold in Lower Merion Township.

This mandamus proceeding is in affirmance of the validity of the provisions of the ordinance, and seeks to compel the issuing to plaintiff of a license under it. Relying upon the ordinance for the right plaintiff asserts, and the duty it asks to have enforced, it is bound to bring itself within its provisions, by showing compliance on its part with the provisions of the ordinance and regulation. See Hill v. Fetherolf, 236 Pa. 70, 72. This burden is recognized by plaintiff. It contends it has not violated, and has complied with, the regulation in question.

No question of the interpretation of the regulation is raised. Both parties concede the regulation means that the name and address of the manufacturer of the ice cream must appear on all wrappers or containers of ice cream or frozen confections. In this connection, it may be noted that the label "Ice Cream Mf'd by Abbotts Dairies, Inc. Phila. Pa.", which was used by plaintiff until March 1940 on the wrappers, is conceded to be a compliance with the regulation later adopted and now considered.

Specifically, the narrow question is whether or not the label "Ice Cream Mf'd. by Sunny Ridge Dairies, Philadelphia, Pa.", on the wrappers, states the name and address of the manufacturer of the ice cream.

A manufacturer is one who is engaged in manufacuring. It has been held that a thing is a manufactured article when the product is a new and different article with a distinctive name, character or use: Hartranft v. Wiegmann, 121 U. S. 609; Commonwealth v. The John T. Dyer Quarry Co., 250 Pa. 589; Commonwealth v. The Welsh Mountain Mining & Kaolin Manufacturing Co., 265 Pa. 380; or that manufacturing is the application

of labor or skill to materials whereby the original articles are changed to a new, different, and useful article: Commonwealth v. Weiland Packing Co., 292 Pa. 447. The obvious purpose under consideration is to inform the purchaser or public who the manufacturer of the ice cream may be.

The evidence discloses that the name "Sunny Ridge Dairies" is not the name of a corporation or of any individual person doing business under a fictitious name. It does not appear from the testimony that the name is either a registered trade-mark or trade name. It does appear that this name has been "assumed" or "adopted" by Abbotts Dairies, Inc., as a trade name in the sale of the particular ice cream which is proposed to be retailed by plaintiff in Lower Merion Township. The reason for the adoption of such a name, though a business one, was to conceal from and not to disclose to the public the manufacturer of the ice cream, which admittedly is Abbotts Dairies, Inc. Only in this way would the purpose of the change, namely, to conceal the fact that it was Abbotts ice cream from purchasers in the neighborhood of Abbotts retail dealers, be successfully carried out.

Considered in the light of the purpose of the regulation, it is clear that the name "Sunny Ridge Dairies" does not name the manufacturer of the ice cream, which is Abbotts Dairies, Inc.

It has been suggested that, since Abbotts Dairies has "adopted" or "assumed" the fictitious name of "Sunny Ridge Dairies", this is a sufficient compliance with the regulation in question.

Such a practice, if permitted, would defeat the very purpose of the regulation, as noted heretofore. The Act of June 28, 1917, P. L. 645, which requires the registration of fictitious names in certain cases, does not apply to corporations. See Fictitious Names of Corporations or of Individuals in Corporate Form, 13 D. & C. 524 (1930), and Hershey Estates v. Rettew et al., 19 D. & C. 262 (1933).

The purpose of the regulation is to prevent fraud or deception in the sale, by giving notice to purchasers, or the public, of the identity of the manufacturer. This is not accomplished by a label or mark, which conceals the real name of the manufacturer, and sets forth only an assumed fictitious name. Statutes requiring marking on honey containers, to show the name and address of the producer or distributor, have been held valid regulations; Graham v. Justice's Court of Colusa Judicial Twp., etc., et al., 20 Cal. App.(2d) 328, 67 P.(2d) 127 (1937). In this case, the court quoted with approval from Parrott & Co. v. Benson, 114 Wash. 117, 194 Pac. 986, as follows:

"We cannot hold anything to be unjust discrimination, or unreasonable restriction which requires merchandise to be sold for just what it is, and prevents its sale as something other than it is."

It follows that, to comply with the regulation in question, plaintiff must retail ice cream marked with the corporate name and address of the manufacturer of the ice cream, namely, Abbotts Dairies, and not some unknown, assumed, or fictitious name of the manufacturer. . . .

And now, April 18, 1941, upon consideration of the foregoing case, it is ordered, adjudged, and decreed, as follows:

The prothonotary will enter the following

### Decision

1. Judgment should be entered for defendants.

2. Notice of this decision shall be given forthwith by the prothonotary to the parties or their attorneys, and if no exceptions thereto are filed within 30 days after such notice judgment shall be entered thereon for defendants.